

Joseph F. DePumpo
901 Main Street, Suite 3300
Dallas, Texas 75202
214-593-9135 Telephone
214-593-9111 Facsimile
jdepumpo@shorechan.com

March 29, 2010

Honorable Lawrence E. Kahn
Senior United States District Judge
James T. Foley U.S. Courthouse
445 Broadway, Room 424
Albany, New York 12207

      Re:    *The Research Foundation of State University of New York v. Bruker Corporation f/k/a Bruker Biosciences Corporation, Bruker Biospin GmbH, Bruker Biospin Corporation, and Varian, Inc.*, Civil Action No. 1:09-cv-00071-LEK-DRH in the United States District Court for the Northern District of New York

Dear Judge Kahn:

      The Court's March 15, 2010 Decision and Order dismissed the claims against Bruker Biospin GmbH in the above-referenced action for lack of personal jurisdiction. *See* Dkt. No. 73. Although the Decision and Order does not specify whether the dismissal is with or without prejudice, Bruker BioSpin GmbH's Notice of Motion to Dismiss Plaintiff's Complaint requested that the Court dismiss the case against it "with prejudice" *See* Dkt. No. 39. Thus, in granting the Motion, the Court arguably dismissed Bruker BioSpin GmbH "with prejudice."

      However, it is black-letter law that a dismissal for lack of personal jurisdiction should be made "without prejudice" because it does not operate as "an adjudication on the merits." *See* FED. R. CIV. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—***except one for lack of jurisdiction*** . . . operates as an adjudication upon the merits.") (emphasis added); *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) ("Thus, under Rule 41(b), dismissals for lack of personal jurisdiction should be made 'without prejudice.'"); *see also Thomas v. Hoehne*, No. 1:05-cv-343, 2006 WL 1653321, at *3 (W.D. Mich. June 13, 2006) (recognizing that dismissal without prejudice was proper after determining that court lacked personal jurisdiction); *Wolper v. Hotel Europe*, No. 3:07-cv-1948, 2008 WL 2497471, at *3 (N.D. Ohio June 18, 2008) (noting that dismissal for lack of jurisdiction is without prejudice). This is because, to the extent that jurisdiction is, in fact, lacking, a court cannot properly reach the merits of the case. *See Wilkins v. Jakeway,* 183 F.3d 528, 533 n.6 (6th Cir. 1999); *see also Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 122 (2d Cir. 1999) (concluding that, when a court lacks jurisdiction, it does not have the power to dismiss with prejudice).

      Thus, the Research Foundation requests that the Court modify the Decision and Order to make clear that the dismissal of Bruker BioSpin GmbH is "without prejudice." Counsel for Bruker BioSpin GmbH has confirmed that Bruker BioSpin GmbH does not oppose this requested relief.

SHORECHAN
BRAGALONE LLP

Honorable Lawrence E. Kahn
March 29, 2010
Page 2

                                                    Sincerely,

                                                    Joseph F. DePumpo

cc:     All Parties Via ECF/Electronic Filing System